

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2005

# USA v. Luparella

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2020

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Luparella" (2005). *2005 Decisions.* Paper 305.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/305

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2020

UNITED STATES OF AMERICA

v.

JOSEPH LUPARELLA,
            Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 02-cr-00706
(Honorable William G. Bassler)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2005

Before:  SCIRICA, *Chief Judge*, VAN ANTWERPEN and COWEN, *Circuit Judges*

(Filed: October 31, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

In this criminal appeal, Joseph Luparella alleges he was deprived of his Fifth

Amendment right to a fair trial because the District Court erred in admitting certain other

crimes evidence under Federal Rule of Evidence 404(b) and certain evidence relating to a

civil settlement. We have jurisdiction under 28 U.S.C. § 1291. We find no error and will affirm.

## I.

Because we write for the parties, an abbreviated recitation of the facts will suffice. Luparella provided outside accounting work for First Interregional Equity Corporation ("First Interregional") and prepared personal income tax returns for First Interregional's principals—members of the Goettlich family. In 1983, Anthony Gianninoto, First Interregional's treasurer and controller, informed Luparella that the company had less than the minimum capital required by the SEC. At the direction of Luparella, Gianninoto reversed certain expense accruals on First Interregional's books so as to raise its net capital artificially.

In 1987, Luparella left the accounting firm employed by First Interregional. First Interregional continued to use this firm until June 1989, when Gianninoto contacted Luparella at his new firm. Gianninoto claims he decided to contact Luparella because of their 1983 experience.

Between 1988 and 1997, the Goettlichs perpetrated a massive fraud on First Interregional's customers. During this period, Luparella audited First Interregional on a yearly basis. First Interregional's books could not be reconciled with its payroll information, but Luparella consistently issued unqualified opinions on the company's financial situation.

2

On March 5, 1997, the SEC forced First Interregional to cease business operations. The United States District Court for the District of New Jersey appointed a trustee under the Securities Investor Protection Act to oversee First Interregional's liquidation, and the Bankruptcy Court of New Jersey appointed a trustee in bankruptcy. The two trustees deposed Luparella, who testified there were no irregularities with his audits of First Interregional and no discrepancies in First Interregional's books and records. At the conclusion of the investigation, the trustees commenced a civil action against Luparella, which the parties settled for $1.3 million.

On September 25, 2002, a grand jury indicted Luparella for conspiring with employees of First Interregional to defraud the United States by impeding and obstructing the assessment and collection of income taxes (Count One); assisting in the preparation of false tax returns on behalf of the Goettlichs (Count Two); and perjuring himself during his deposition with the trustees (Counts Three through Five). A jury found Luparella guilty of Counts One through Four and acquitted him of Count Five. The District Court sentenced Luparella to concurrent 46-month terms of imprisonment on Counts One, Three and Four, a concurrent 36-month term of imprisonment on Count Two, a $20,000 fine and $400 in special assessments. Luparella appealed.

Luparella challenges the admission of evidence under Rule 404(b) relating to his advice to Gianninoto in 1983. He also challenges the court's failure to strike from the record testimony regarding the $1.3 million settlement of the trustees' civil suit.

3

**II.**

We review the admission of evidence of prior bad acts under Rule 404(b) for abuse of discretion. *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992). Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Fed. R. Evid. 404(b). Admissibility under Rule 404(b) requires (1) a proper evidentiary purpose, (2) relevance under Rule 402, (3) a weighing of the probative value of the evidence against any unfair prejudicial effect under Rule 403, and (4) a limiting instruction concerning the purpose for which the evidence may be used. *See Becker v. ARCO Chemical Co.*, 207 F.3d 176, 189 (3d Cir. 2000).

The District Court properly applied the appropriate standard. The court concluded the evidence was not being used to establish Luparella's propensity to commit the charged offense but rather to show the nature of his relationship with Gianninoto—a showing crucial to an explanation of why Gianninoto decided to hire Luparella in 1989. Evidence of a defendant's uncharged crimes, committed with a co-conspirator who also participated in the charged offense, can be relevant and admissible in illustrating the full contours of the co-conspirators' relationship. *See, e.g., United States v. Cross*, 308 F.3d

4

308, 324 n.24 (3d Cir. 2002); *United States v. Butch,* 256 F.3d 171, 175-77 (3d Cir. 2001).

The District Court engaged in a Rule 403 balancing test, finding the evidence highly probative, and not substantially outweighed by a risk of unfair prejudice. Furthermore, the court properly instructed the jury to use the evidence for the limited purpose of showing the nature of Luparella's relationship with Gianninoto.

We see no error here.

### III.

The invited error doctrine bars Luparella's second claim—that the District Court committed error when it failed to exclude evidence of the civil settlement reached by Luparella and the trustees. It was Luparella, not the government, who originally elicited the testimony of the civil lawsuit and the resulting $1.3 million settlement. Luparella even opposed the government's request to instruct the jury to disregard this evidence. If there was error, it was invited error and cannot be a basis for reversal. *See United States v. W. Indies Transp.*, 127 F.3d 299, 311 (3d Cir. 1997); *see also* 1 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 103.14, p. 103-30 (2d ed. 2000) ("An attorney can waive a client's right to raise an error on appeal by deliberately eliciting inadmissible evidence. This waiver occurs both when the attorney directly elicits the evidence from a witness and when that action 'opens the door' or 'invites' the other attorney to respond in

kind."). Because Luparella's claim is barred, we need not decide whether evidence of the civil settlement would otherwise be inadmissible under Rule 408 or Rule 701.

## IV.

For the reasons set forth, we will affirm the judgment of the District Court, and deny the request for a new trial.